Argued October 10, affirmed November 29, 1974

## TROJAN REALTY, INC., *Respondent, v.*
## EQUALO HOMES, INC., *Appellant.*
### 528 P2d 545

*Robert M. Gordon,* Corvallis, argued the cause and filed a brief for appellant.

*Merle A. Long* of Long, Bodtker & Post, Albany, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, SLOPER, and LEAVY, Justices.

LEAVY, J. (Pro Tempore).

This is an action by a real estate broker to recover a commission on the sale of a house which was to be constructed by the defendant on property owned by the purchasers. The court heard the case without a jury and found for the plaintiff. We affirm.

The plaintiff alleged in its amended complaint:

"VI.

"That on the 30th day of May, 1972, the plaintiff secured a purchaser of a home to be built by the defendant on Lot 11, Scenic Heights in Benton County, Oregon. Said purchasers were James R. Maier and Charlotte S. Maier who were the owners of said Lot 11 and who did on that date enter into an agreement to purchase the home model No. 340 to be built by the defendant. That thereafter an [sic] on the 1st day of June, 1972, the defendant did agree to pay the plaintiff a realtor's fee amounting to $826.50 for services rendered in securing a purchaser of the defendant's home to be built upon the property of James R. Maier and Charlotte S. Maier. That the agreement dated May 30, 1972, is attached hereto as Exhibit 'A' and by this reference made a part hereof."

The agreement attached to the amended complaint is on a form entitled "Oregon Association of Realtors

—Official Earnest Money Contract." David Allen Kribs, a licensed real estate broker, president of defendant, signed the agreement on behalf of the defendant. The contract includes the words, "I agree to pay forthwith to the above named Realtor a fee amounting to $ 5%  826.50  for services rendered in this transaction."

The original complaint alleged that the plaintiff had secured a purchaser for real property. Defendant's demurrer thereto was overruled. No demurrer was filed to the amended complaint which was filed without objection at the time of trial.

■ Defendant assigns as error the trial court's failure to sustain its demurrer to the original complaint. In support of the assignment, it is contended that there was no written employment agreement authorizing or employing the plaintiff as an agent to sell real property for a compensation or commission as required by ORS 41.580 (7).

We find the assignment without merit for three reasons: (1) the plaintiff is not seeking to enforce a contract of employment as an agent for the sale of real property; (2) the agreement to pay the compensation is in writing; and (3) the demurrer was addressed to the original complaint, not the amended complaint on which the case went to trial and on which judgment was entered.

We agree with the trial judge's conclusion that in reality this is "an action to recover a broker's fee for finding a person who was willing and able to enter into a contract for the erection of a dwelling house on his own lot. The fact that the agreement is written

on an earnest money form doesn't change its character."

■ The second assignment of error is a contention that the court erred in finding in favor of the plaintiff-respondent in that Mr. and Mrs. Maier, the parties for whom the defendant agreed to build the house, refused to go through with the transaction.

Defendant brought suit against Mr. and Mrs. Maier to foreclose its mechanic's lien upon Maiers' refusal to pay the contract price. The court found in that case:

"* * * * *.

"3. For some reason, there was a lack of communication between the parties. An addendum was executed outlining various changes to be made, but the builder proceeded as if no such addendum existed. The defendants complained, but to no avail.

"4. As a consequence, the builder has substantially completed a house, which does not comply with the contract in numerous respects.

"* * * * *."

A $2,000 offset was allowed to the Maiers because of the failure of the defendant herein to fulfill the terms of the building contract. There was no lack of financial ability on the part of the purchasers to perform as agreed.

We find no error in the trial court's ruling on the demurrer and find its judgment to be supported by ample evidence.

Affirmed.